IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00328-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  OMAR CHAVEZ-GUTIERREZ,
2.  LAURA LYNN JARAMILLO,
3.  JOSE RODOLFO-PENA,
4.  FIRST NAME UNKNOWN LAST NAME UNKNOWN,
5.  REIDESEL LOPEZ-PARADA,
6.  MICHAEL BENITEZ-LOPEZ,
7.  CESAR OSVALDO GAMEZ-VERDUGO,
8.  ANA CYNTIA RODRIGUEZ CHAVIRA,
9.  JENNY BUSTILLOS-HERNANDEZ,
10. ALFREDO NAVARRETE-MOLINA,
11. MARTIN JUAREZ-VERA,
12. LOVEY CAMPANELLA,
13. JOSE MORENO-HERRERA,

    Defendants.

## ORDER GRANTING A PROTECTIVE ORDER

This matter comes before the Court on the government's Motion for a Protective Order [Docket No. 61], wherein the United States seeks a protective order governing defense counsel's use, custody, and circulation of materials and discovery provided by the United States under the Jencks Act and Rules 16 and 26.2 of the Federal Rules of Criminal Procedure ("discovery material"). Good cause appearing, it is **ORDERED** that the Motion for a Protective Order [Docket No. 61] is granted. It is further

    **ORDERED** that

1.      Defense counsel may make copies of discovery material to facilitate the defense of the accused and copies may be provided to defense counsel's staff, investigator(s), interpreter(s), expert(s), and prospective expert(s).  In addition, defense counsel may exercise his or her professional judgment in disclosing discovery material to defendants, witnesses, and prospective witnesses, giving due regard to the sensitivity of the discovery material and the need to disclose.  For purposes of this Protective Order, nothing set forth herein will limit the official use of the discovery material by the defense.

2.      Defense counsel shall not duplicate or distribute audio files containing wiretap information generated during the investigation and disclosed by the government, except for use in official court proceedings and for duplication and delivery to the detention facility if requested.

3.      Defense counsel shall use all Jencks material, all witness statements and reports of witness statement or debriefings (both written and recorded on audio and video), photographs depicting persons, documents with personal identifying information of individuals such as addresses, dates of birth, social security numbers, and any NCIC/CCIC or similar records, and reports or statements of witnesses, furnished to the defense by the government in this case, provided pursuant to Jencks, Rule 26.2 or Rule 16, only for official purposes related to any and all judicial proceedings in this case and for no other purpose.

4.      With respect to defendants detained pending trial pursuant to 18 U.S.C. §§ 3142 or 3145, the parties shall coordinate with either the U.S. Marshals Service or the appropriate authority at the detention facility (a) to ensure the reasonable availability

of the pretrial discovery material, by use of read-only computers, under the custody and control of the warden, sheriff, superintendent or official in charge of the facility where the defendant is being detained before trial; (b) to ensure that such facilities do not allow a defendant to email, print or duplicate the discovery material; and (c) to ensure that all discovery materials shall remain in the physical custody and control of officials permitting a defendant to review discovery material on a judicially provisioned computer in relation to this case as described above.

5. With respect to defendants on bond, the pretrial discovery material may be reviewed under supervision of the defense attorneys who have entered their appearances in this case, their associates, and the confidential employees or assistants working with such defense attorneys. The discovery material shall not be entrusted to the care and custody of any defendant without such supervision. Defendants on bond shall not email, print, or duplicate the discovery material.

6. The discovery material provided to the detention facilities shall be the same as the unredacted set of discs provided to defense counsel, unless the government prepares a separate version for detained defendants and provides counsel with a list of excluded pages by bates stamp number or document control number. Any material excluded from the discs provided to the detention facilities may be reviewed in person by defendants and defense counsel during attorney client detention facility visits, using the attorney's computer.

7. With the exception of copies prepared by defense counsel or staff for official use in relation to this case, unless defense counsel and the government come to a specific understanding to the contrary, the Jencks Act material and above-specified

Rule 26.2 and Rule 16 written and electronically recorded material disclosed to the defense shall not be copied, reproduced, published, or publicly circulated by the defense without order of the Court or until such material is used in judicial proceedings at time of trial or in official hearings or proceedings related to this case.

8. In the event defense counsel and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may exempt such material by mutual agreement. Conversely, if the parties cannot agree on redaction as an appropriate remedy for some of the material, they may seek a ruling by the Court. In the event the defense and the government disagree or are unclear about the meaning or application of this Order with respect to some document, digital file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

9. At the conclusion of the case, the defense may either retain discovery material, with the exception of grand jury transcripts (*see* Colo. R. Prof. Conduct 1.15D(3) and 1.16A regarding file retention), or return the discovery material to the government for destruction.

DATED November 7, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge