IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00328-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  LAURA LYNN JARAMILLO,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on defendant Laura Lynn Jaramillo's Motion for Revocation or Amendment of New Mexico Magistrate Judge's Order of Detention [Docket No. 117] of Magistrate Judge Kevin R. Sweazea's Order of Detention Pending Trial [Docket No. 70 at 24], entered on October 23, 2018 in the District of New Mexico, where the defendant was arrested pursuant to a District of Colorado arrest warrant. The United States has filed a response [Docket No. 127].

Defendant seeks revocation of the magistrate judge's detention order under 18 U.S.C. § 3145(b) and requests a de novo hearing. Docket No. 117 at 9.

**Requirements for Detention Under the Bail Reform Act**

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government bears the burden of proof

at a detention hearing. *Id.* The government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any person or to the community by clear and convincing evidence. 18 U.S.C. § 3142(f).

In deciding whether there are conditions of release that would assure the appearance of the defendant and the safety of the community, the magistrate judge must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

Count One of the indictment charges the defendant, among others, with a conspiracy to distribute more than five kilograms of cocaine. This count carries a ten-year mandatory minimum and a maximum sentence of life imprisonment. Therefore, pursuant to 18 U.S.C. § 3142(3)(3)(A), Count One has a rebuttable presumption of pretrial detention. In order to overcome this presumption, a

2

defendant must produce some evidence to rebut the presumption. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Although a defendant may present such evidence, the Court may nevertheless take the presumption into account as a factor in determining whether detention is appropriate. The defendant is also charged with three other counts (use of a communications device in connection with drug trafficking; interstate travel in aid of racketeering; and possession with intent to distribute more than five kilograms of cocaine).

The Order of Detention [Docket No. 70 at 24-26] found that the rebuttable presumption of detention applied and concluded that the government proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community and proved by a preponderance of the evidence that no condition or combination of conditions would reasonably assure the defendant's appearance. The magistrate judge additionally found that (a) the weight of the evidence against the defendant was strong; (b) she was subject to lengthy detention if convicted; (c) she had a criminal history; (d) she had a previous failure to appear; and (e) she had previous violations of probation, parole, or supervised release. *Id*. at 25-26.

The standard for the district court's review of a magistrate judge's detention order under Section 3145(a) is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). The Court may conduct such review by reviewing the evidence that the magistrate judge based his detention decision on

and, in its discretion, by reviewing any additional proffers on appeal. *United States v. Davidson*, 1992 WL 144641, at *2 (N.D.N.Y. June 18, 1992).

The defendant's motion for review is based on the following arguments: (a) the charges against her do not involve firearms or explosives and are not crimes of violence; (b) while the defendant is in good mental condition, she has been on Supplemental Security Income ("SSI") since 1985; ( c) while the defendant has no ties to Colorado, she has lived in Las Cruces, New Mexico for the last 27 years, her adopted grandson lives with her, and her daughter, who is willing to accept custody of her, lives in Las Cruces; (d) while the defendant is not working now, she would seek part-time employment if placed in a halfway house; (e) the defendant has no financial resources to flee, but does have sufficient resources to commute to Colorado for court appearances; and (f) most of defendant's criminal history is stale and most of her failures to appear were due to her being in the hospital at the time. Docket No. 117 at 2-4.

**Charges**

The defendant is correct that the charges against her do not involve allegations that she possessed firearms and are not crimes of violence. Nevertheless, the charges are serious. For example, Count One carries a ten-year mandatory minimum. Moreover, based on the proffer in the government's response, Docket No. 127, the Court finds that the government's evidence that the defendant was a drug courier for the drug trafficking organization charged in the indictment is strong. The proffer indicates that the defendant was stopped on August 4, 2017 transporting seven kilograms of cocaine from Las Cruces to

Denver, after having driven another load of suspected narcotics from Las Cruces to Denver on July 30, 2017. *Id*. at 4-6.

## Community Ties

The defendant has no community ties to Denver or to Colorado. Although she has community ties to Las Cruces, Docket No. 117 at 7-8, the defendant's proposal to release her to the custody of her daughter in Las Cruces would require the defendant, on her own, to travel between Las Cruces and Denver during the winter. The government's proffer indicates that, at the time of the traffic stop on August 4, 2017, the defendant had no driver's license or insurance. The motion does not indicate how she would travel to Denver if released on bond; it merely says that she would "commute." *Id.* at 7. The fact that she is on SSI is a neutral factor. Her receiving disability does not seem to have prevented her from traveling between Las Cruces and Denver, but there is no evidence that she has traveled that route during the winter. The Court finds that, in light of the vagueness of her travel plans, her more recent failures to appear, and the significant time she is facing if convicted, her community ties to Las Cruces would not ensure her appearance in this case.

## Defendant's Criminal History

The defendant has a lengthy criminal history, although most of her convictions occurred in the 1990s. Docket No. 97 at 6-12. The defendant claims that the convictions from the 1990s occurred during a time when she was addicted to heroin. Docket No. 117 at 8. The Pretrial Services Report, however,

does not indicate any conditions related to substance abuse treatment associated with her sentences for these cases. More relevant is the fact that the defendant has at least two failures to appear in the last six years. Docket No. 97 at 11.

## Conclusion

Reviewing de novo the proffers made on appeal by both sides and the Pretrial Services Report prepared by the District of New Mexico for the detention hearing, the Court finds that there that is no combination of conditions that will reasonably assure the safety of the community and the appearance of the defendant. While the defendant has rebutted the presumption of detention, the government has shown clear and convincing evidence that the defendant has been involved in trafficking cocaine, which involvement presents a danger to the community. Her danger to the community is further evidenced by the proffer that, when she was stopped on August 4, 2017 on Interstate 25 in Colorado carrying seven kilograms of cocaine, she did not have insurance or a valid driver's license and had her grandson in the vehicle with her. Docket No. 127 at 6. These circumstances demonstrate extremely bad decision making. The defendant's failures to appear also demonstrate by a preponderance of the evidence that the defendant poses a risk of flight, even if she were released to a halfway house in Colorado. Upon de novo review, the Court agrees with Judge Sweazea that the defendant should be detained until trial.

Wherefore, it is

**ORDERED** that Defendant Jaramillo's Motion for Revocation or Amendment of New Mexico Magistrate Judge's Order of Detention [Docket No. 117] is denied.

DATED December 31, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge