IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00328-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. OMAR CHAVEZ-GUTIERREZ,
2. LAURA LYNN JARAMILLO,
3. JOSE RODOLFO-PENA,
4. FIRST NAME UNKNOWN LAST NAME UNKNOWN,
5. REIDESEL LOPEZ-PARADA,
6. MICHAEL BENITEZ-LOPEZ,
7. CESAR OSVALDO GAMEZ-VERDUGO,
8. ANA CYNTIA RODRIGUEZ CHAVIRA,
9. JENNY BUSTILLOS-HERNANDEZ,
10. ALFREDO NAVARRETE-MOLINA,
11. MARTIN JUAREZ-VERA,
12. LOVEY CAMPANELLA,
13. JOSE MORENO-HERRERA,

    Defendants.

---

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

---

The matter is before me on the Joint Partially Opposed Motion for a Second Ends of Justice Exclusion of 60 Days From the Speedy Trial Calendar Pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and (B)(ii) and (iv) [Docket No. 140], wherein the United States and defendant Omar Chavez-Gutierrez request that the Court exclude an additional 60 days[1] from the Speedy Trial period. *Id.* at 1-2. The other defendants who have entered appearances approve the request. *Id*. at 2; Docket

---

[1]The motion refers to an exclusion of 50 days at one point, but this appears to be a typographical error. *See* Docket No. 140 at 8.

No. 141 at 1. Mr. Martin Juarez-Vera, who movants believed opposed the request, has since indicated that he joins the motion. Docket No. 141. On November 8, 2018, on a motion to exclude time filed by the United States, Docket No. 60, I entered a written order finding that the case is complex due to the nature of the crimes charged and the amount and nature of discovery. Docket No. 82. I ordered that 120 days from the date of the order be excluded from the Speedy Trial computation. The 60 days remaining at the time of that order remain now.

The government's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006). Certain periods of

delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Hill*, 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*., § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

The indictment in this case involves 25 counts charged against 13 defendants.  The charges relate to the distribution of cocaine.

The conspiracy in Count One is alleged to have occurred between March 1, 2017 and April 1, 2018.  Docket No. 1 at 2.  The investigation involved approximately 25 wiretaps.  Docket No. 60 at 4.  The government initially estimated that the discovery in this case consisted of approximately 3000 pages of reports and photographs; pen registers materials for approximately 25 telephones; 15,000 pages of materials related to GPS applications and orders; 400 pages of materials regarding tracker warrants; 5000 pages of materials related to search warrants; 80 gigabytes of wiretap data, including call transcripts and audio data; 49,000 pages of Title III line sheets; 1.5 terabytes of pole camera recordings; and 8,000 pages of miscellaneous materials.  *Id.* at 4-5. However, the volume of discovery has exceeded the initial prediction.  Docket

No. 140 at 7.  In addition, the government shutdown between December 22, 2018 and January 25, 2019 delayed the defendants' investigations.  *Id.*

Given the complexity of this case, the large amount of discovery, and the delay occasioned by the shutdown, I find that the exclusion of an additional sixty days is justified and is necessary to allow defense counsel adequate time to file and litigate motions and to prepare for trial.

I find that this case is complex due to the nature of the crimes charged and the amount and nature of discovery and that it would be unreasonable to expect adequate preparation by defendants, despite due diligence, for pretrial or trial proceedings within the time available pursuant to the Court's November 8, 2018 order.  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to exclude an additional sixty days from Speedy Trial would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That this case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii);

(3) That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(4) That an additional 60 days from March 9, 2019 should be excluded from the computation of speedy trial; and

(5) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that the Joint Partially Opposed Motion for a Second Ends of Justice Exclusion of 60 Days From the Speedy Trial Calendar Pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and (B)(ii) and (iv) [Docket No. 140] is **GRANTED**. It is further

2. **ORDERED** that all pretrial motions shall be filed by May 10, 2019 and responses to these motions shall be filed by May 24, 2019. A hearing on motions is set for June 6, 2019 at 1:30 p.m. for one-half day. It is further

3. **ORDERED** that a Trial Preparation Conference will be set on July 12, 2019 at 1:30 p.m. and the trial set for July 15, 2019 at 8:00 a.m. for six days. The Court typically does not hold trial on Fridays. It is further

4. **ORDERED** that an additional sixty days from March 9, 2019 shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED February 26, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge